UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Blake Marine Group, Inc.,

       Plaintiff,

v.                                                        Civil No. 15-151 (JNE/JJK)
                                                        ORDER

CarVal Investors LLC and CVI GVF (Lux)
Master S.A.R.L.,

       Defendants.

Invoking the jurisdiction conferred by 28 U.S.C. § 1332 (2012), Blake Marine Group, Inc., brought this action against CarVal Investors LLC and CVI GVF (Lux) Master S.A.R.L. for tortious interference with contract.[1] Blake Marine Group alleged that "[d]iversity of citizenship exists because this action involves a dispute between a citizen of Alabama, a citizen of Minnesota and a citizen of Luxembourg," and the amount in controversy exceeds $75,000. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Noting that Blake Marine Group failed to allege the defendants' citizenships, the Court grants it an opportunity to amend its complaint.

A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and in which citizens or subjects of a foreign state are

---

[1] Blake Marine Group also asserted that the Court "has supplemental jurisdiction over all maritime claims under 28 U.S.C. § 1333(1)." Section 1333(1) provides that a district court has "original jurisdiction, exclusive of the courts of the States," of a "civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

1

additional parties. 28 U.S.C. § 1332(a)(3). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking diversity jurisdiction, Blake Marine Group bears the burden of alleging each party's citizenship. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In its Complaint, Blake Marine Group alleged that it is a corporation organized under the laws of Alabama and that its principal place of business is in Louisiana. Thus, Blake Marine Group alleged that it is a citizen of Alabama and Louisiana. *See* 28 U.S.C. § 1332(c)(1).

Blake Marine Group alleged that CarVal Investors "at all times material hereto was a foreign business entity, and on information and belief, was a Limited Liability Company organized and existing pursuant to the laws of the State of Delaware, with its offices and principal place of business in Minneapolis, Minnesota." For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (per curiam); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020,

1022 (11th Cir. 2004) (per curiam); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Blake Marine Group did not allege the citizenship of each member of CarVal Investors. Consequently, Blake Marine Group failed to state CarVal Investors' citizenship.

As to the other defendant, Blake Marine Group made the following allegations:

> Defendant CVI GVF (LUX) MASTER S.A.R.L. ("CARVAL LUX") is a Luxembourg special purpose entity created on or about September 21, 2006 and existing under the laws of Luxembourg formed by CARVAL to avoid U.S. tax laws by maintaining profits overseas. It has no office or employees and is merely a paper company formed for the sole purpose of holding assets in its name for and on behalf of CARVAL and parent company Cargill, Inc. An agreement exists between CARVAL and CARVAL LUX which upon information and belief subjects CARVAL LUX to U.S. jurisdiction and law for issues between CARVAL and CARVAL LUX. At times relevant the Directors of CARVAL LUX were Gregor Klaedtke and Mirko Fischer and the Manager was John Brice who maintains his office in Minnesota. John Brice is currently the Chief Investment officer of CARVAL and serves on the firm's Board of Directors.

The Court is not aware of any binding authority that directs how to determine the citizenship of a Luxembourg S.A.R.L.[2] for the purposes of § 1332. *See V & M Star, LP*

---

[2] "SARL is the French abbreviation for a term used to describe a private company similar to an American limited liability company." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 n.2 (11th Cir. 2007); *see Burge v. Sunrise Med. (US) LLC*, Civil No. 13-2215, 2013 WL 6467994, at *3 n.3 (D. Colo. Dec. 9, 2013) ("Plaintiffs cite to the Luxembourg Law Digest, which describes a S.A.R.L. as a limited liability company

*v. Centimark Corp.*, 596 F.3d 354, 356-57 (6th Cir. 2010) (stating that "no controlling precedent exists regarding how to determine the citizenship of a French S.A.R.L for diversity-jurisdiction purposes"); *Burge v. Sunrise Med. (US) LLC*, Civil No. 13-2215, 2013 WL 6467994, at *2-3 (D. Colo. Dec. 9, 2013) (declining to resolve issue of how to determine citizenship of Luxembourg S.A.R.L.; analyzing entity's citizenship under rule applicable to corporations and rule applicable to limited liability companies).  If the rule applicable to corporations determines the citizenship of CVI GVF (Lux) Master S.A.R.L., then Blake Marine Group's allegations are deficient because Blake Marine Group did not allege CVI GVF (Lux) Master S.A.R.L.'s principal place of business.  *See Hertz*, 559 U.S. at 92-96.  If the rule applicable to limited liability companies determines the citizenship of CVI GVF (Lux) Master S.A.R.L., then Blake Marine Group's allegations are deficient because Blake Marine Group did not allege the citizenship of each member of CVI GVF (Lux) Master S.A.R.L.

Having failed to allege the defendants' citizenships, Blake Marine Group has not satisfied its burden of alleging jurisdiction based on diversity of citizenship.  "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012); *see Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998). Accordingly, the Court grants Blake Marine Group an opportunity to file an amended complaint.  Unless Blake Marine Group files by February 2, 2015, an amended complaint

---

where the number of partners is limited to 40, 'partners' liability is limited to amount of their investment,' and managers responsible for running the company need not be members.  Additionally, shares are personal and several conditions are placed on the transfer of shares." (citation omitted)).

that redresses the deficiencies noted above, the Court will dismiss this action for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

Dated: January 27, 2015

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge