UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Blake Marine Group, Inc.,

    Plaintiff,

v.

CarVal Investors LLC and
CVI GVF (Lux) Master S.A.R.L.,

    Defendants.

Case No. 15-cv-151 (JNE/JJK)
ORDER

This matter is a tortious interference with contract action between Plaintiff Blake Marine Group, Inc. and Defendants CarVal Investors LLC and CVI GVF (Lux) Master S.A.R.L. It is before the Court on Defendants' motion to dismiss. For the reasons provided below, the Court finds that the action is time barred and grants the motion to dismiss.

## BACKGROUND

Between October 2008 and January 2009, Blake, an Alabama corporation that had its principal place of business in Alabama at the time, and Oceanografia, a Mexican business that performs offshore oilfield support services, entered into a series of agreements. On October 28, they entered into a maritime services agreement under which Oceanografia would use Blake "to find a suitable crane(s)." On December 18, they agreed that Blake would act as Oceanografia's sole and exclusive representative in the United States for a three-year term. On January 8, Blake secured a revolving crane DB 23. On January 23, Blake and Oceanografia entered into a charter agreement whereby Oceanografia would pay $40,000 per day for 60 months for the DB 23 crane.

The complaint alleges that the contractual relationships between Blake and Oceanografia unraveled in late January 2009 due to interference from Defendants CarVal and CVI.[1] Specifically, on January 29, Alejandro Guarin of CarVal and CVI sent an email, purportedly to Oceanografia's chief financial officer and vice president of management and finance, stating: "Please take care of this [charter] by terminating it, and keep in mind that CVI has not consented to entering into this MOA as is required under the shareholder's agreement." That same day, Blake received a fax from Oceanografia terminating the charter agreement. Less than one week later, Blake received a notice canceling their exclusive representation agreement.

On January 28, 2013, Blake filed a tortious interference action against CarVal in New York state court. The action was removed to federal court in the Southern District of New York. In June 2013, that court granted Blake's motion to voluntary dismiss the action. On January 22, 2015, Blake filed this lawsuit. Blake's amended complaint alleges one count of tortious interference and seeks lost profits of at least $58 million, as well as other economic damages.

**STANDARD**

When ruling on a motion to dismiss, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in the plaintiff's favor. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

---

[1] CVI was allegedly formed for the purpose of holding assets in its name for and on behalf of Cargill, Inc. and CarVal, which is a subsidiary of Cargill.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

This action was filed just shy of six years from the date of the alleged tortious conduct. The primary issue before the Court is whether the action is governed by New York's three-year, Alabama's two-year, or Minnesota's six-year limitations period. *See* N.Y. C.P.L.R. 214; Ala. Code § 6-2-38(*l*); Minn. Stat. § 541.05.

Defendants assert that New York's limitations period applies because the agreement between Blake and Oceanografia contained a New York choice of law clause and, as a rule, a contractual choice of law clause governs tort claims closely related to the contract. The Eighth Circuit Court of Appeals has applied this rule where the tort claim was between the parties to the contract, but the court has expressly stated that the rule does not apply where the defendant was not a party to the contract. *Holden Farms, Inc. v. Hog Slat, Inc.,* 347 F.3d 1055, 1061, 1065 (8th Cir. 2003) ("Since [defendant] was not a party to the Hog Slat/Holden Farms contract, and thus not subject to its choice-of-law provisions," the provisions do not govern, "and normal Minnesota choice-of-law analysis applies."). Here, Defendants were not parties to the Blake/Oceanografia contract and cannot enforce the choice of law provision in that contract.

Blake argues that Minnesota's six-year statute of limitations applies because statutes of limitations are procedural and Minnesota applies its own procedural rules. This argument is based on out-of-date case law superseded by statute. For claims arising on or after August 1, 2004, Minnesota law provides: "if a claim is substantively based . . . upon the law of one other state, the limitation period of the state applies." Minn. Stat. § 541.31. The statute contains an exception involving plaintiffs who are residents of Minnesota, *id.* at subd. 2, and an exception

based on fairness, *id.* at § 541.33. Neither party argues that an exception applies here. Accordingly, the general rule—that the limitations period is borrowed from the state whose substantive law applies—governs.

The issue becomes whether the Court should apply Minnesota's six-year or Alabama's two-year limitations period. To answer this question, the Court applies the choice of law analysis from Minnesota, the forum state. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1123 (8th Cir. 2012).

The first consideration is whether the different states' laws present a conflict. *Id.* Here, a conflict exists because it is undisputed that Blake's claim is time barred under Alabama law but not Minnesota law.

The second consideration is whether both states' laws can be constitutionally applied. *Id.* The test is whether the state has "a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague,* 449 U.S. 302, 312–13 (1981). Here, the contacts with each state are sufficient. Blake ran its operations from Alabama at the time it suffered its economic injuries. Meanwhile, Defendants allegedly inflicted the injuries from their offices in Minnesota.

The Court next looks to five choice influencing factors: (1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law. *Whitney*, 700 F.3d at 1124. The parties correctly focus on the second and fourth factors because the other factors are largely irrelevant here.[2]

---

[2] The first factor "applies primarily to consensual transactions where the parties desire advance notice of which state law will govern in future disputes." *Myers v. Government Emp. Ins. Co.,* 225 N.W.2d 238, 242 (Minn. 1974). This is not the case here. The third factor is irrelevant where, as here, the Court is equally capable of resolving the dispute under either

*1. Maintenance of Interstate Order*

The maintenance of interstate order is "primarily concerned with whether the application of [one state's] law would manifest disrespect for [another state's] sovereignty or impede the interstate movement of people and goods." *Jepson v. Gen. Cas. Co. of Wis.*, 513 N.W. 2d 467, 471 (Minn. 1994). Typically, this factor "is only minimally implicated where torts are involved." *Kenna v. So-Fro Fabrics, Inc.*, 18 F.3d 623, 626 (8th Cir. 1994). However, the factor also involves an inquiry into whether the application of Minnesota law will encourage forum shopping. *See Nesladek v. Ford Motor Co.*, 46 F.3d 734, 739 (8th Cir. 1995).

CarVal argues this factor weighs in its favor because Blake is guilty of forum shopping. CarVal asserts that Blake moved to voluntarily dismiss its action in New York after realizing it was time barred under New York law and then filed in Minnesota because of Minnesota's lengthier limitations period. Blake claims it moved to voluntarily dismiss the New York action because it discovered CVI's role in the tortious conduct and wanted to add CVI as a party, and the record suggested jurisdiction over CVI existed in Minnesota but not New York.

The Court finds the evidence of undue forum shopping insufficient to place significant weight on this factor. Although Blake was likely attracted to Minnesota in part because of its generous statute of limitations, this is not a case where the connection to Minnesota is so tenuous as to raise a red flag. Defendants reside in Minnesota and allegedly conducted their tortious activity from Minnesota. *Cf. Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 589 (8th Cir. 2007) (describing "undue forum shopping" where a plaintiff "file[s] a case in a forum with advantageous law (but without venue and/or

---

state's law. *Hughes v. Wal-Mart Stores Inc.*, 250 F.3d 618, 620 (8th Cir. 2001). The fifth factor is not important where the conflict centers on statutes of limitations. *Whitney*, 700 F.3d at 1124.

personal jurisdiction), with the knowledge that he will receive the benefits of the law so long as he can convince the original district court to transfer the case rather than dismiss it outright").

   2. *Advancement of the Forum's Governmental Interest*

This factor involves inquiry into which choice of law would most effectively advance a "significant interest of the forum." *Jepson*, 513 N.W. 2d at 472.

A state "clearly has an interest in protecting its residents who are victims of torts." *Kenna*, 18 F.3d at 627. Here, Alabama has a strong interest in protecting Blake, an Alabama corporation that had its principal place of business in Alabama at the time of the tortious conduct, from losing many millions of dollars in revenue as a result of the alleged tort.

By contrast, Minnesota's interest in protecting an out-of-state plaintiff like Blake is less strong.[3] "[A] state has at least some interest in protecting nonresidents from tortious acts committed within the state, but even then, courts have recognized that the state's interest is only slight and does not support application of its law to the litigation." *Hughes v. Wal-Mart Stores Inc.*, 250 F.3d 618, 621 (8th Cir. 2001). The state's interest is "even far more tenuous" where the injury occurred elsewhere. *Id*.

Here, though Defendants' actions occurred in Minnesota, Blake's injuries—which are entirely economic and consist largely of lost revenue or profits—were felt in Alabama, the state where it was incorporated and ran its operations. *See Rajala v. Donnelly Meiners Jordan Kline, P.C.*, 193 F.3d 925, 928 (8th Cir. 1999) (holding that the plaintiff company sustained its economic injuries in Kansas because its operations were in Kansas and it "felt the cash flow crunch" there). Minnesota does not have a strong interest in compensating an out-of-state

---

[3] Though CarVal is domiciled in Minnesota, "the court attributes little weight to the domicile of a corporate defendant in determining the law applicable to tort cases." *Nelson v. Delta Int'l Mach. Corp.*, 05-cv-63, 2006 WL 1283896, at *4 (D. Minn. May 9, 2006).

plaintiff for out-of-state economic injuries. *See Schmelzle v. ALZA Corp.*, 561 F. Supp. 2d 1046, 1050 (D. Minn. 2008).

The fact that the conflict involves statutes of limitations further minimizes Minnesota's interest. Because Minnesota law calls for the application of another state's limitations period when that state's substantive law applies, Minnesota has not "express[ed] a strong preference for home-rule as to periods of limitations." *Whitney*, 700 F.3d at 1126.

For these reasons, the Court finds that this factor weighs in favor of applying Alabama law. Because this factor is the only relevant factor to weigh significantly in one direction or another, the choice of law analysis as a whole also favors the application of Alabama law, including Alabama's statute of limitations. Under Alabama's two-year limitations period, Blake's action is time barred. Accordingly, the Court must dismiss this action.[4]

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion to dismiss [Docket No. 18] is GRANTED and Plaintiff's complaint is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 20, 2015

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[4] Because the Court finds the action is time barred, it does not address Defendants' argument that the alleged conduct was justified.